M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ADAM M. SNIEGOWSKI,<br><br>                Defendant. | Case No. 4:06-cr-0023-RRB<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE AND STATEMENTS OBTAINED IN VIOLATION OF DEFENDANT'S FOURTH AMENDMENT RIGHTS** |

Defendant, Adam M. Sniegowski, by and through counsel M. J. Haden, Staff Attorney, submits this memorandum in support of his motion to suppress in the above-captioned case.  Mr. Sniegowski asks this court to suppress all evidence and statements derived from his illegal detention and arrest at the Fort Wainwright MP Station on September 25, 2005.  This evidence must be suppressed because his detention and arrest violated the Fourth Amendment of the United States Constitution.

**I.**     **Facts**

On September 25, 2005, at 3:00 a.m. there was a fight in front of the Oasis Club on Fort Wainwright.  The club was in the process of closing and a crowd of people

was gathered in the parking lot. A fight broke out between four females. Mr. Sniegowski was present in the area of the fight. He observed what happened.

Several military police units responded to the scene. The officers were dressed in full uniform and were armed. Desk Sergeant Miller was notified by the patrol officers that there were a possible 8 subjects and 4 witnesses present at the scene. Miller advised the patrol officers to apprehend everyone and transport them to the MP Station to sort out the situation. The officers began to place several of the females in handcuffs and put them in the patrol cars. Mr. Sniegowski was approached by one of the MPs. Believing that the MPs were overreacting to the situation, Mr. Sniegowski refused to be interviewed by the officers. He asked that he be left alone and continued to converse with his friends. The officers persisted in obtaining information from Mr. Sniegowski. Mr. Sniegowski again advised the officers that he did not want to talk to them. Unhappy with the fact that Mr. Sniegowski refused to be subjected to an interview, PFC Peterson displayed a can of pepper spray to threaten Mr. Sniegowski and ordered him to report to the MP Station with the others. Believing that he had no choice but to comply with the MP's orders, Mr. Sniegowski reported to the MP Station.

At the MP Station Mr. Sniegowski was ordered to sit in the lobby area as the MP called each individual from the scene in to small interview rooms one at a time. Mr. Sniegowski was ordered into an interview room. An officer requested his identification. Mr. Sniegowski gave the officer his Alaska driver's license. Mr. Sniegowski was detained in the small interview room with the officers for over 30 minutes. Again, Mr. Sniegowski declined to be interview. Again the MP persisted. Mr. Sniegowski reluctantly disclosed to the MP what he had observed at the Oasis Club. The officers accused him of lying. The

officers then ordered him to provide a written statement. After he refused, Mr. Sniegowski's driver's license was returned to him and he was ordered to leave the building.

Mr. Sniegowski attempted to advise the officers that he could not leave without a ride as he had an injured ankle and the temperature was too cold for him to walk home. He asked if he could stay until his ride arrived. Sgt. Miller ordered him to leave. Mr. Sniegowski again explained that he did not have a ride. Frustrated by the way he had been treated, Mr. Sniegowski became vocal. Sgt. Miller instructed the officers to place him under arrest. Several officers jumped on Mr. Sniegowski all at the same time and brought him to the ground. Mr. Sniegowski is now being charged with Assault in violation of 18 U.S.C. § 111(a) and Disorderly Conduct in violation of Alaska Stat. § 11.61.110 as assimilated under 18 U.S.C. § 13.

## II. The Facts Presented in this Case Fail to Establish Reasonable Suspicion or Probable Case to Justify the Seizure of Mr. Sniegowski

### A. Mr. Sniegowski's conduct at the Oasis Club fails to provide reasonable suspicion to detain him

The Fourth Amendment governs all "seizures" of a person including those involving only a short detention. United State v. Mendenhall, 446 U.S. 544, 551 (1980). An individual "may not be detained even momentarily without reasonable, objective grounds for doing so." Florida v. Royer, 460 U.S. 491 (1983). Under the principles of Terry v. Ohio, 392 U.S. 1 (1968), "[a]n investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be engaged in criminal activity." United States v. Thomas, 863 F.2d 622, 625 (9th Cir. 1988) (quoting United State v. Cortez,

449 U.S. 411, 417 (1981)). Ordering Mr. Sniegowski to report to the MP Station constituted a seizure of Mr. Sniegowski's person requiring reasonable suspicion. Here the officers were informed that it was only females that were allegedly engaged in a fight. The MP had no information whatsoever that Mr. Sniegowski was engaged in any type of criminal activity. Not only did requiring Mr. Sniegowski to report to the MP Station constitute a violation of Mr. Sniegowski's Fourth Amendment rights, but ordering him detained and holding his identification at the Station also constituted a seizure unsupported by reasonable suspicion.

### B. The seizure of Mr. Sniegowski by the MPs amounted to an arrest unsupported by probable cause

#### 1. Mr. Sniegowski was not merely detained, but effectively arrested

Even if this court determines that the seizure of Mr. Sniegowski's person was supported by reasonable suspicion, the conduct of the MPs still violated the Fourth Amendment because it exceeded the scope of a mere Terry detention and amounted to an arrest unsupported by probable cause. Any investigation into criminal activity must be no more intrusive than necessary. Terry v. Ohio, 392 U.S. 1 (1968). If the police go beyond a brief detention for investigation, and subject a person to a de facto arrest, then the police must possess probable cause to arrest. See United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 502 U.S. 854 (1991).

An investigatory stop that initially complies with the Fourth Amendment because it is supported by reasonable suspicion may violate the Fourth Amendment if it continues for a period of time beyond that which is necessary for brief investigation. Terry stops are "constitutionally permissible only where the means utilized are the least intrusive

reasonably available. '[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop.'" Kraus v. County of Pierce, 793 F.2d 1105, 1108 (9th Cir. 1986) (quoting Florida v. Royer, 460 U.S. 491, 500 (1983), cert. denied, 480 U.S. 932 (1987). In United States v. Sharpe, 470 U.S. 675, 686 (1985), the Supreme Court refused to set any hard-and-fast time limit on the length of a lawful investigative stop, finding instead that whether the stop was too long depended on the circumstances of each case. There is "no bright-line for determining when an investigatory stop crosses the line and becomes an arrest." United States v. Torres-Sanchez, 83 F.3d 1123, 1127 (9th Cir. 1996), quoting United States v. Hatfield, 815 F. 2d 1068 (6th Cir. 1987). The question turns on whether the officers "diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." Id. at 686. If the investigatory stop continues for an extended period of time, probable cause is required. See United States v. Chamberlin, 644 F.2d 1262 (9th Cir. 1980) (defendant who was questioned in the back of a patrol car for twenty minutes while officer drove around looking for another suspect was in custody requiring probable cause).

  Here, Mr. Sniegowski first was detained in the parking lot, then he was ordered to the MP Station where he was detained for over 30 minutes. Prior to any misconduct on Mr. Sniegowski's part, the officers lacked probable cause to arrest Mr. Sniegowski.

  In United States v. Moreno, 742 F.2d 532, 535 (9th Cir. 1984), the court found a de facto arrest when the subjects were relocated from the public area of the airport to a small room used for police business. In United States v. Woods, 720 F.2d 1022, 1027

(9th Cir. 1983), a Terry stop became an arrest when the police moved the suspects from an airport cocktail lounge to the police station.  In United States v. Prim, 698 F.2d 972, 976-77 (9th Cir.1983), the court found that relocating the defendant from a public area in the airport to a DEA office one hundred yards away transformed the investigative detention into an arrest.  See also, Florida v. Royer, 460 U. S. 491, 504 (1983).  Here, Mr. Sniegowski was ordered from the Oasis Club parking lot to the MP Station.  The facts at hand indicate that the detention of Mr. Sniegowski had elevated into a de facto arrest requiring probable cause.  Because the officers did not have probable case, all evidence and statements gathered as a result must be suppressed.

### III.     Conclusion

Evidence and statements obtained as a result of a violation of a defendant's Fourth Amendment rights must be suppressed.  Wong Sun v. United States, 371 U.S. 471 (1963).  Here the officers had neither reasonable suspicion nor probable cause to detain Mr. Sniegowski.  Thus, Mr. Sniegowski respectfully requests that all evidence and statements resulting from the seizure of his person starting in the Oasis Club parking lot and ending with his physical arrest at the MP Station be suppressed.

///
///
///
///
///

DATED this 7th day of July, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on July 7, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Eve C. Zamora, Esq.

/s/ M. J. Haden