Nelson Cohen
United States Attorney

Eve C. Zamora
Special Assistance U. S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Telephone: (907) 353-6561-6510
Fax: (907) 353-6501
MN Bar: 0297859
eve.zamora@us.army.mil

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ADAM M. SNIEGOWSKI,<br><br>　　　Defendant. | No. 4:06-CR-00023-JKS<br><br><br>PLEA AGREEMENT |

　　　Pursuant to Rule 11(c)(1)(A) and (C), Federal Rules of Criminal Procedure, this memorandum confirms the complete plea agreement between the United States and ADAM M. SNIEGOWSKI. No other agreement, understanding, or promise exists between these parties. The parties expressly agree this agreement is entered into and is to be controlled by Fed R. Crim. Pro. 11(c)(1)(c).

### The Defendant's Promise

　　　The Defendant agrees to plead guilty to: COUNT II – Disorderly Conduct in violation of AS § 11.61.110, as assimilated into federal law by operation of 18 U.S.C. § 13. The maximum punishment for COUNT II, a Class C Misdemeanor, is 10 days of imprisonment, a $2000.00 fine, and a $5 special assessment.

The defendant has read and fully understands the nature and elements of the crime charged in the Information, and the terms and conditions of this plea agreement, and will advocate the disposition agreed to herein. The defendant withdraws all previous pleas to enter a plea of guilty to the charge of disorderly conduct.

The defendant understands this agreement binds only the undersigned parties and no other Federal, state, or local authority. The defendant acknowledges no promises have been made regarding any civil or administrative or immigration consequences resulting from this plea of guilty.

### The Government's Promise

The United States agrees to advocate the disposition agreed to herein. The government also agrees to dismiss Count I of the information charging the defendant with Assault in violation of 18 U.S.C. 111(a).

### Elements

The United States must prove each of the following elements beyond a reasonable doubt for Count II that: 1. the Defendant refused to comply with an order of a peace officer to leave; 2. a private place; 3. that the Defendant did not have either the right of possession, nor the express invitation to remain.

### Sentence Recommendation

Both parties agree that, under § 2X5.1 of the Federal Sentencing Guidelines, no sufficiently analogous guideline exists for the offense of operating a vehicle while intoxicated.

Pursuant to 18 U.S.C. § 3553(b), both parties agree an appropriate sentence in this case is:

1) Five days incarceration;

2) $5 special assessment.

Both parties agree the sentence reflects the seriousness of the offense, will promote respect for the law, and will provide a just punishment.

**Factual Basis for the Plea**

Both parties agree the factual basis for the offense is as follows. On the 25th day of September, 2005, at Fort Wainwright, Alaska, a military reservation in the District of Alaska acquired for the use of the United States and under the concurrent jurisdiction; thereof, the Defendant, ADAM M. SNIEGOWSKI, did refuse to leave the Provost Marshall's Office as directed to do so by Military Police.

**Waiver of Rights and Consequences of Plea**

I, ADAM M. SNIEGOWSKI being of sound mind and under no compulsion, threat, or promises, except as previously stated, acknowledge that I have read this plea agreement, that I understand its terms and conditions, and that the matters set forth herein, including the facts that support my guilty plea, are true and correct.

A.  I wish to enter a plea of guilty to Count II of the Information charging me with Disorderly Conduct because I am guilty. I understand the nature and elements of the crime to which I am pleading guilty. I understand that by pleading guilty I am admitting the allegations against me in the Count to which I am pleading are true.

B.  I acknowledge that I have been advised and understand that by entering a plea of guilty I am waiving, that is giving up, certain rights guaranteed to me. Specifically, by pleading guilty I knowingly and voluntarily give up the following rights:

- The right to plead not guilty or to persist in that plea if it has already been made;
- The right to a speedy and public trial both as to guilt or innocence and as to the forfeiture of any money or property;

- The right to be presumed innocent and not to suffer any criminal penalty or criminal forfeiture unless and until my guilt is established beyond a reasonable doubt;

- The right to confront and cross-examine witnesses against me, and the right to subpoena witnesses to appear on my behalf;

- The right to remain silent at trial, with such silence no to be used against me, and the right to testify on my own behalf;

- The right to contest the validity of search warrants executed on my property or person;

- The right to appeal or contest, directly or collaterally my conviction, any criminal forfeiture, or any sentence on any ground unless the court imposes a sentence in excess of the statutory maximum or a sentence that is contrary to the sentencing guidelines or a sentence that violates this plea agreement.

C. I understand if I were convicted after a trial, I could appeal the conviction; but that pleading guilty, I give up the right to appeal my conviction.

D. I understand the court may ask me questions about the offense to which I plead guilty. If I answer falsely under oath, on the record, and in the presence of counsel, my answers may later be used against me in a prosecution for perjury or making a false statement.

E. I understand it is my attorney's duty to examine the facts of the case and advise me as to what plea I should enter. I also understand that it is my attorney's duty to abide my wishes. If my attorney refused to do so, I would inform the judge immediately.

F. I understand anything I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this agreement may be filed among the papers in my case.

G. I am completely satisfied with the representation and advice that I have received from my attorney in this case.


_____          9/12/06
ADAM M. SNIEGOWSKI,                      DATE
**Defendant**


As Counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.


_____          9/12/06
M.J. HADEN,                              DATE
Attorney for Defendant


DATED this  12  day of _____Sept_____, 2006.


                                      Respectfully submitted,
                                      NELSON COHEN
                                      United States Attorney

                                      Eve C. Zamora

Special Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Telephone: (907)353-6561/6510
Fax: (907) 353-6501
MN Bar: 0297859
Eve.zamora@us.army.mil

Case 4:06-cr-00023-JKS    Document 33    Filed 09/12/2006    Page 6 of 6